# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL LINING TECHNOLOGY, | Case No. 1:18-cv-01418-LJO-SKO |
| Plaintiff, | **ORDER ENLARGING TIME FOR DEFENDANT ACCREDITED SURETY AND CASUALTY COMPANY, INC. TO RESPOND TO COMPLAINT** |
| v. | |
| WOOD BROS, INC., et al., | (Doc. 9) |
| Defendants. | |

Plaintiff International Lining Technology ("Plaintiff") filed its complaint on October 12, 2018. (Doc. 1.) Defendant Accredited Surety and Casualty Company, Inc. ("Accredited") was served on November 6, 2018. (Doc. 7-3.) Defendant Accredited's responsive pleading was therefore due twenty-one (21) days after service, or November 27, 2018. Fed. R. Civ. P. 12(a)(1)(A)(i).

The parties filed a "Stipulation to Extend Time" for Defendant Accredited to respond to the complaint (Doc. 9) on December 3, 2018—six days *after* Defendant Accredited's responsive pleading deadline. Although the Court may extend time to file a responsive pleading after the deadline has expired because of "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), no such excusable neglect has been articulated—much less shown—here. Notwithstanding this deficiency, given the absence of bad faith or prejudice to Plaintiff (as evidenced by the parties' agreement to the extension of time), and in view of the liberal construction of Fed. R. Civ. 6(b)(1) to effectuate the general purpose of seeing that cases are tried on the merits, see *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010), the Court GRANTS the parties' stipulated request. ***The parties are cautioned that future post hoc request for extensions of time will be viewed with disfavor.***

1 | **IT IS HEREBY ORDERED** that Defendant Accredited Surety and Casualty Company, Inc. shall respond to Plaintiff's complaint on or before December 28, 2018.

IT IS SO ORDERED.

Dated: **December 4, 2018**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE